**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **LANA HARTDEGEN** | **CIVIL DOCKET NO. 6:25-cv-00965** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **DG LOUISIANA, LLC** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM RULING

Before the Court is a MOTION FOR SUMMARY JUDGMENT (the "Motion") filed by Defendant DG Louisiana, LLC ("Defendant" or "Dollar General"). [Doc. 19]. Plaintiff Lana Hartdegen ("Plaintiff") filed an Opposition. [Doc. 21]. For the following reasons, the Motion is GRANTED.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of a slip and fall that occurred on May 4, 2025, at a Dollar General located in Broussard, Louisiana. [Doc. 21, p. 2]. Plaintiff was in the laundry and detergent aisle to purchase scented beads. [*Id.*]. After checking out, Plaintiff realized that she had forgotten her plastic cup in the laundry and detergent aisle, so she returned to retrieve her cup. [*Id.*]. While returning to the laundry and detergent aisle, Plaintiff slipped and fell in a pool of laundry liquid. [*Id.*]. Video surveillance of the incident was captured, and it shows another unrelated customer creating the puddle by knocking over a bottle of detergent or liquid soap. [Docs. 19-4, 21-2, *see* manual attachment]. The video evidence also shows Plaintiff slipping and falling due to this puddle. [Docs. 19-4, 21-2, *see* manual attachment].

On July 7, 2025, Plaintiff filed suit in this Court, asserting claims under the Louisiana Merchant Liability Act ("LMLA"), La. Rev. Stat. § 9:2800.6. [Doc. 1]. On May 19, 2026, Defendant filed the instant Motion. [Doc. 19]. In its Motion, Defendant contends that Plaintiff cannot establish constructive notice, specifically the temporal element, that the LMLA requires. [Doc. 19-1]. In her Opposition, Plaintiff argues that the video evidence contains temporal gaps that create a genuine dispute of material fact regarding the video's reliability and the spill's actual duration when contrasted with Plaintiff's deposition testimony. [Doc. 21]. All issues having been briefed by the parties, the Motion is ripe for ruling.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant can show that "there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." *Deshotel v. Wal-Mart La., L.L.C.*, 850 F.3d 742, 745 (5th Cir. 2017); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). But there is no genuine issue for trial – and thus a grant of summary judgment is warranted – when the record as a whole "could not lead a rational trier of fact to find for the non-moving party[.]" *Id.*

## LAW AND ANALYSIS

### I. Louisiana's Merchant Liability Act

In a diversity case such as this one, federal courts apply state substantive law. *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Here, Plaintiff's claims against the Defendant for her alleged injuries are governed by the LMLA. The LMLA imposes a duty of care on a merchant to those lawfully on its premises "to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. Rev. Stat. § 9:2800.6(A). When a negligence claim is brought against a merchant based on injuries sustained in a fall caused by a condition on the merchant's premises, a plaintiff bears the burden of proving the existence of a hazardous condition and that:

1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;

2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and

3) The merchant failed to exercise reasonable care.

La. Rev. Stat. § 9:2800.6(B).

Importantly, a plaintiff bears the burden of proof as to each of these three elements. Indeed, "[t]he burden of proof does not shift to the defendant at any point, and failure to prove any one of these elements negates a plaintiff's cause of action." *Melancon v. Popeye's Famous Fried Chicken*, 59 So. 3d 513, 515 (La. App. 3d Cir. 2011), *citing White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081 (La. 1997); *see also Ferrant v. Lowe's Home Ctrs., Inc.*, 494 F. App'x 458, 460 (5th Cir. 2012).

Defendant's Motion challenges only the second element, whether Dollar General created or had actual or constructive notice of the spill before Plaintiff's fall. [Doc. 19-1, pp. 5-9]. Plaintiff's Opposition, in turn, addresses only Dollar General's alleged constructive notice and does not dispute the remaining elements. [Doc. 21, p. 1 n.1]. The Court's analysis is accordingly confined to the notice element.

## II. Actual or Constructive Notice

Under La. Rev. Stat. § 9:2800.6(B), a plaintiff must demonstrate that "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." Plaintiff does not contend and has not submitted evidence showing that Defendant created the condition. *See* [Doc. 21]. Instead, Plaintiff argues that alleged temporal gaps in the video footage create a genuine dispute as to the duration of the puddle's existence. *See* [*Id.*]. Put differently, Plaintiff argues that the video evidence is not unmistakably clear, and consequently, this Court should not wholly discredit Plaintiff's account of the events in favor of the Defendant's view of the video evidence. [*Id.*].

### A. Actual Notice

Here, there is no summary judgment evidence that Defendant had actual notice of the condition that caused Plaintiff to fall. Plaintiff stated in her deposition that she did not see the puddle before she fell or that she had any knowledge as to how long the liquid was on the ground prior to her fall. [Doc. 19-3, pp. 15-16]. Furthermore, Plaintiff testified that she was not aware of a Dollar General employee causing the spill or having knowledge of the spill prior to her fall. [*Id.*, pp. 16-17].

And the video surveillance evidence does not show a Dollar General employee near the puddle or any incidents prior to Plaintiff's fall that would have alerted Defendant's personnel. [Docs. 19-4, 21-2, *see* manual attachment]. Nor is there any other relevant evidence in the record indicating that Defendant had actual notice of the condition. Thus, there is no genuine dispute of material fact regarding whether Defendant had actual notice of the existence of the allegedly hazardous condition on the floor.

**B. Constructive Notice**

A plaintiff demonstrates constructive notice when "the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. Rev. Stat. § 9:2800.6(C)(1). Importantly, "[t]he statute does not allow for the inference of constructive notice absent some showing of this temporal element." *White*, 699 So. 2d at 1084. Thus, "a simple showing that the condition existed is insufficient for a finding of liability and recovery." *Zeringue v. Wal-Mart Stores, Inc.*, 62 So. 3d 276, 279 (5th Cir. 2011). Nor is "'[m]ere speculation or suggestion' … sufficient to [show constructive notice]." *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007), *quoting Allen v. Wal-Mart Stores, Inc.*, 850 So. 2d 895, 898 (La. App. 2d Cir. 2003). Consequently, "courts will not infer constructive notice … where the plaintiff's allegations are 'no more likely than any other potential scenario.'" *Id.*, *quoting Allen*, 850 So. 2d at 899.

"When considering claims arising under the [LMLA] on a motion for summary judgment, '[t]he Fifth Circuit has indicated that courts should give greater weight….

to facts evidenced from video recordings taken at the scene.'" *Hicks v. Costco Wholesale Corp.*, 2023 WL 1806995, at *4 n.9 (W.D. La. Feb. 7, 2023), *citing Smith v. Circle K Stores, Inc.*, 2021 WL 4853846, at *5 (W.D. La. Oct. 18, 2021). Yet the Fifth Circuit has also instructed courts to not wholly "discount the nonmoving party's story unless the video evidence provides so much clarity that a reasonable jury could not believe his account." *Darden v. City of Fort Worth*, 880 F.3d 722, 730 (5th Cir. 2018) (case involving a 25-second gap in video).

Defendant relies on surveillance video that it contends indisputably establishes that the spill existed on the floor for only one minute and twenty seconds before Plaintiff's fall. [Doc. 19-1, pp. 2, 7-8]. If true, such a short period of time would almost certainly fail to establish Defendant's constructive notice. *See, e.g., Robinson v. Wal-Mart Stores, Inc.*, 2016 WL 5210711, at *6 (W.D. La. Sept. 15, 2016) (sixteen minutes insufficient); *see also, e.g., Delahoussaye v. Delchamps, Inc.*, 693 So. 2d 867 (La. App. 3d Cir. 1997) (five minutes insufficient); *see also, e.g., Williams v. Rouse's Enters., Inc.*, 693 So. 2d 1298 (La. App. 1st Cir. 1997) (six minutes insufficient); *see also, e.g., Nash v. Rouse's Enters., LLC*, 191 So. 3d 599 (La. App. 1st Cir. 2016) (up to ten minutes likely insufficient); *see also, e.g., Courington v. Wal-Mart La. LLC*, 2018 WL 707521, at *4 (W.D. La. Feb. 2, 2018) (six minutes insufficient).

But Plaintiff disputes that the video reliably establishes a one minute and twenty second timeline at all. She points to an apparently instantaneous change in the puddle's size, shape, and color – from clear liquid to white bubbles – between frames of the "Laundry" camera footage. *See* [Doc. 21-2, *see* manual attachment at

17:07]. Plaintiff also points to several unexplained gaps in the adjacent "First Aid" aisle's camera footage despite continuous customer traffic, such as a customer visible on one camera who never appears on the other despite allegedly being within its field of view. [*Id.* at 4:40, 6:25, 10:42, and 16:31]. From this, Plaintiff argues that Dollar General's camera system failed to capture continuous footage, and thus the spill's true duration is unknown. [Doc. 21, pp. 6-7]. Furthermore, Plaintiff testified that, based on the puddle's size, spread, and thickness, it "would've had to have been there a good bit of time," estimating its existence at five to ten minutes or more. [Doc. 21-1, pp. 103-05, 118, 132-33].

Upon its own review of the video footage, the Court agrees with Plaintiff that the video contains temporal gaps, but these temporal gaps are not fatal to the video's reliability when considered alongside the video's timestamp. Looking specifically at the video's timestamp, the spill occurred at 11:34:48 a.m. [Doc. 19-4, *see* manual attachment at 00:17]. Then, the "temporal gap" occurs at approximately 11:36:33 a.m., and the video resumes at 11:37:03 a.m., a "gap" of thirty seconds. [*Id.*, at 01:02]. The timestamp's indication that only thirty seconds has passed is also supported by the puddle's expansion in size, which was relatively minor. [*Id.*]. Plaintiff then slips in the puddle at approximately 11:37:10 a.m., two minutes and twenty-two seconds after the puddle's formation. So, although the Court's own review of the footage indicates that the spill was present for longer than the one minute and twenty seconds that the Defendants asserted, it was nevertheless only present for a short period of time. This period of time, around two and a half minutes, is a period that

is insufficient to find that Defendant had constructive notice of the puddle's existence. *See, e.g., Courington*, 2018 WL 707521, at *4 (six minutes insufficient). And, important here, Plaintiff has failed to challenge the accuracy of the timestamp or otherwise dispute its reliability. Nor has Plaintiff adduced any other positive evidence of Defendant's constructive notice other than her raw speculation as to how long the puddle had been on the floor. [Doc. 21-1, pp. 103-05, 118, 132-33]. Thus, at bottom, the video evidence considered together with the timestamp provides "so much clarity that a reasonable jury could not believe" Plaintiff's account. *Darden*, 880 F.3d at 730. Consequently, there is no genuine dispute of material fact as to whether Defendant had constructive notice of the spill's existence, and summary judgment is warranted.

## CONCLUSION

For the foregoing reasons, the Court finds that there are no genuine disputes of material fact, and the Defendant is therefore entitled to judgment as a matter of law. Fed. R. Civ. P. 56.

Accordingly,

IT IS HEREBY ORDERED that Defendant's MOTION FOR SUMMARY JUDGMENT [Doc. 19] is GRANTED.

THUS, DONE AND SIGNED in Chambers on this 10th day of August 2026.

David C Joseph

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE